## I. SEGAL v. JULIA BART AND OTHERS.

## FIDELITY & DEPOSIT COMPANY OF MARYLAND,

## APPELLANT.[1]

May 3, 1918.

No. 20,820.

**Principal and surety — bond against mechanics' liens.**

An indemnity bond was issued by defendant to protect plaintiff against loss from mechanics' liens that "may be filed" upon the recently erected building he was purchasing. It is *held*:

(1) That the bond covered the liens already filed as well as those filed thereafter for the erection of the building.

(2) The evidence sustains the finding that defendant waived a provision in the bond limiting the time for bringing suit thereon.

(3) There was no reversible error in receiving evidence as to the acts and assurances of one Thomson in respect to waiver, because, although not in fact an authorized agent, the court was justified in considering defendant estopped from denying his agency in the matter.

[1]Reported in 167 N. W. 481.

Action in the district court for Hennepin county to recover $1,400 upon an indemnity bond. The separate answer of the Fidelity & Deposit Company of Maryland, among other matters, specifically denied that plaintiff notified it of the filing of any claim for liens upon receiving notice of such filing, as required by the terms of the bond, pleaded the limitation in the bond that no action at law or suit in equity should be brought against the company upon the bond after May 1, 1914, and alleged that this action was begun May 11, 1915. The case was tried before Dickinson, J., who made findings and ordered judgment in favor of plaintiff for $1,336. From an order denying its motion for a new trial, Fidelity & Deposit Company of Maryland appealed. Affirmed.

*Morphy, Bradford & Cummins,* for appellant.

*Louis L. Schwartz,* for respondent.

HOLT, J.

The action is upon an indemnity bond executed by defendant as surety to save harmless and keep indemnified plaintiff "against any and all loss, costs or damages which he may sustain * * * by reason of any mechanic's lien or liens which may be filed" against the premises he was then buying from the principals. The bond was executed by defendant and accepted by plaintiff upon two express conditions named therein, viz.: (1) That plaintiff, upon receiving notice of any claim for lien, shall immediately notify defendant by registered letter, addressed to its home office at Baltimore, Maryland; and (2) "that any suit at law, or proceeding in equity to recover" under the bond shall be brought before the first day of May, 1914. The bond was executed and delivered in October, 1913. At that time some liens had been filed, but the time for filing had not run. Before February 5, 1914, the Hennepin Lumber Company began an action to foreclose its lien, exceeding in amount $1,000, which had been filed when the bond was delivered. Other lien claimants were joined as defendants. Judgment was entered foreclosing the liens and decreeing a sale of the premises on October 31, 1914, to satisfy the amount found due with costs, amounting to $1,336. Plaintiff was compelled to redeem from the sale in the amount stated. The court found "that prior to the first day of May, 1914," defendant waived the limitation provision in the bond above referred to, and

rendered a decision in favor of plaintiff. Defendant appeals from the order denying a new trial.

The assignments of error and argument of appellant may be considered under two propositions: First, that the bond did not cover liens filed at the time of its execution; and second, that the finding of waiver of the limitation provision is not sustained by the evidence, and, as bearing on that finding, errors in the admission of testimony.

The bond was given to indemnify against liens "which may be filed" against the premises plaintiff was purchasing. It is contended that the expression "may be filed" should be construed to refer to lien claims filed thereafter and not to those already filed. To this we cannot give assent. The filing of a lien claim was not what the bond was to protect against, but against the enforcement thereof. It is evident that as to the enforcement of liens the parties had in mind no distinction between those already filed and those to be filed in the future, so long as they arose in the erection of the building then completed.

The trial court assumed the limitation clause in the bond to be valid, and predicated the decision on a waiver thereof. If the evidence justifies a finding of waiver the decision is right.

Defendant is a foreign corporation, licensed to issue indemnity bonds in this state. Mr. Fitzhugh Burns was its northwestern manager with offices at St. Paul. Charles W. Sexton Company, a corporation, was doing an insurance brokerage business at Minneapolis, where plaintiff resides and where are the premises involved in the bond. The Sexton Company acted for Burns in obtaining indemnity insurance, but was not authorized to issue the policies or bonds. Harrison Thomson was an insurance solicitor, and obtained plaintiff's application for the bond. He did business through the Sexton Company. The application was forwarded to Burns who issued the bond and sent it to the Sexton Company for delivery. That company entrusted the matter to Thomson. The evidence is persuasive that Burns knew that there were outstanding lien claims against the property plaintiff was buying and against which he desired the bond for protection. He testified: "I told them we could execute the bond, if the statements they made to me were correct, upon the understanding that all outstanding lien claims, whether any lien or not, did not exceed $1,200, and that the moneys received from Mr.

Segal, they were to see paid all these claims, so there would be no liability under the bond whatsoever." When Thomson delivered the bond to plaintiff the balance of the purchase price was turned over to him, and not to the vendors, for the purpose of carrying out the direction of Mr. Burns, and Thomson applied it accordingly. But there was not enough to pay the liens in full, and the foreclosure action was begun. Plaintiff became uneasy and appealed to Thomson for protection under the bond.

The evidence of plaintiff justifies a finding that the assurances and promises of Thomson, after the institution of that suit, constitute a waiver of the limitation provision in the bond, provided defendant is estopped from denying Thomson's authority to represent it. For it must be conceded that he had no such authority in fact; nor can authority be implied from his soliciting the bond, delivering it, or collecting the premium therefor. Fredman v. Consolidated F. & M. Ins. Co. 104 Minn. 76, 116 N. W. 221, 124 Am. St. 608. That being so, the evidence as to what Thomson said and did by way of waiver was erroneously received, unless, as stated, estoppel applies. And that is the serious question in the case.

On February 5, 1914, plaintiff notified defendant of the lien foreclosure suit by registered letter, which was received at the home office, and then forwarded to Mr. Burns. So that, early in February, both defendant and its manager here knew that plaintiff was threatened with the loss the bond intended to protect against, and that he looked to them and Thomson to take the necessary steps to avoid loss to him, for the letter has this paragraph: "I have also notified your representative here, Mr. Harrison Thomson, who is with Fitzhugh Burns, your Northwestern manager at St. Paul." It is true defendant did not answer this letter. But the evidence for plaintiff is clear that thereafter, and prior to May 1, assurances were repeatedly made to him by Thomson, that the company would take care of the litigation and protect him. And the evidence also justified the conclusion that communications passed between Burns and Thomson during said time in regard to the matter. The latter testifies to seeing Burns frequently, that he wrote Burns shortly after the bond was delivered that the money had been disbursed to pay on the claims, and that, from time to time, he told Burns about the

situation as far as he knew. He would not say that he reported all the talks he had with plaintiff and his attorney, because some he did not deem important enough. Burns says he called on the Sexton Company alone for information, until after May 1, when he received letters from Thomson giving the information asked of the company. But in view of Thomson's testimony, the court was not bound to accept Burns' recollection. Thomson was called by defendant and no effort to aid plaintiff can be discerned in his testimony.

It is true that no waiver can be predicated upon what took place after May 1, 1914, but the conduct of Burns after that date may be viewed in the light of the fact that, all the time from early in February, he knowingly permitted plaintiff to rest under the belief that Thomson was his representative as agent of the defendant. In this situation it would be manifest injustice to permit defendant to repudiate the agency which it knew plaintiff assumed to exist, and was likely to act on. Under the view that the court might hold defendant estopped to deny Thomson's agency, there was no error in receiving the testimony in respect to the waiver of the limitation provision of the bond.

An interesting question is presented by plaintiff's claim that the time limit for suit on the bond is unreasonably short, and therefore void. But it need not be now determined, the appeal being disposed of by the conclusion reached upon the finding of waiver.

Order affirmed.